# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3097**  **September Term, 2024**

**1:22-cr-00015-APM-1**

**Filed On:** March 7, 2025

United States of America,

       Appellee

   v.

Elmer Stewart Rhodes, III,

       Appellant

------------------------------

Consolidated with 23-3089


      **BEFORE:**   Wilkins, Circuit Judge

## O R D E R

    Upon consideration of the motion to authorize excess compensation and interim voucher payments, it is

    **ORDERED** that the motion be granted as to the request for interim payments, and that movant Elizabeth A. Franklin-Best be authorized to submit vouchers for interim compensation under the Criminal Justice Act, 18 U.S.C. § 3006A.  Vouchers submitted pursuant to this order must be titled "interim" and must be consecutively numbered.  Each voucher must state the period it covers.  The first interim voucher is to be filed within 60 days of the date of this order, and must reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to the date of this order.  Subsequent vouchers are to be submitted at 60-day intervals.  All interim vouchers must be supported by detailed and itemized time and expense statements.  In addition, at that point when counsel's total claim becomes a claim for excess compensation pursuant to 18 U.S.C. § 3006A(d)(3), counsel must provide a sufficiently detailed explanation to support the claim that the representation is "extended" or "complex" and that "excess payment is necessary to provide fair compensation."  See United States v. Bailey, 581 F.2d 984, 990 (D.C. Cir. 1978).  The question of whether this case warrants excess compensation will be deferred pending this court's review of any interim vouchers submitted pursuant to this process.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3097**                                            **September Term, 2024**

       Four-fifths of the approved number of hours claimed on interim compensation requests, and any reimbursable expenses reasonably incurred, will be payable upon approval of each voucher.  At the conclusion of the representation, counsel must submit a final voucher seeking payment of the one-fifth balance withheld from the earlier interim vouchers.  The final voucher must set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation.  Counsel must report, on the appropriate line of the final voucher, all compensation and reimbursement previously received, as well as the amount remaining to be paid at the conclusion of the case.

                                       **Per Curiam**

                                             **FOR THE COURT:**
                                             Clifton B. Cislak, Clerk

                    BY:     /s/
                                             Selena R. Gancasz
                                             Deputy Clerk