UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

————————————

No. 23-3089
(Consolidated with Nos. 23-3090, 23-3097, & 23-3098)

————————————

UNITED STATES OF AMERICA,                              Appellee,

v.

KENNETH HARRELSON, ET AL.,                          Appellants.

## OPPOSITION TO MOTION FOR ADDITIONAL WORD LIMIT FOR APPELLANTS' OPENING BRIEF

This is a consolidated appeal involving four defendants convicted of crimes related to events that occurred at or near the United States Capitol on January 6, 2021: Stewart Rhodes, Kelly Meggs, Kenneth Harrelson, and Jessica Watkins. On April 7, 2026, three days before their joint opening brief on appeal was due, two of those defendants—Meggs and Watkins—filed an emergency motion requesting that the Court grant them an additional 1,000 for their opening brief (Emergency Motion for Additional Word Limit for Appellants' Opening Brief (Mot.) at 1). The other two defendants—Rhodes and Harrelson—took no position

on the motion. The government respectfully opposes Meggs's and Watkins's motion.

The relevant background is as follows. Following a two-month trial in late 2022, the defendants, who were alleged to be members of the Oath Keepers, were convicted of various offenses related to events that occurred at or near the United States Capitol on January 6, 2021. The defendants were sentenced in May 2023 and noted their appeals the following month. In July 2023, the government noted cross-appeals as to each defendant.

A year later, on July 10, 2024, the parties submitted a joint proposed briefing order in which the defendants requested 30,000 words for their opening brief, with a due date of January 10, 2025. The Court entered an order adopting the parties' proposed briefing schedule, including the proposed word limits, on August 6, 2024 (8/6/24 Order, *United States v. Harrelson*, No. 23-3089). At the defendants' request, which the government did not oppose, the Court subsequently extended the deadline for the defendants' opening brief to March 11, 2025 (1/6/25 Order, *United States v. Harrelson*, No. 23-3089).

2

On January 20, 2025, the President commuted the defendants' sentences "to time served as of January 20, 2025[.]" Proclamation No. 10887, 90 Fed. Reg. at 8331. Shortly thereafter, the government moved to dismiss its cross-appeals, which the Court granted (1/28/25 Order, *United States v. Harrelson*, No. 23-3089). In so doing, the Court set a new briefing schedule but kept the 30,000-word limit for the defendants' opening brief (*id.*).[1] Thereafter, the defendants made numerous unopposed requests to extend the deadline to file their opening brief, which the court granted. In one such order, issued December 8, 2025, the Court set a January 29, 2026, deadline for the defendants' opening brief (12/8/25 Order, *United States v. Harrelson*, No. 23-3089).

Three weeks before their brief was due, on January 8, 2026, the defendants filed a motion asking the Court to allow them to file a 52,000-

---

[1] Meanwhile, on January 10, 2025, a fifth codefendant from the same trial, Thomas Caldwell, was sentenced. Caldwell noted his appeal and the government moved to consolidate Caldwell's appeal with the other four defendants' appeals. The Court granted that motion on March 10, 2025, and separately suspended the briefing schedule in this case (3/10/25 Orders, *United States v. Harrelson*, No. 23-3089). Before the Court entered a new briefing schedule, Caldwell was pardoned by President Trump and moved to dismiss his appeal, which this Court granted (4/7/25 Order, *United States v. Harrelson*, No. 23-3089).

word opening brief (Motion for Additional Word Limit, *United States v. Harrelson*, No. 23-3089). The government did not take a position on that motion but instead deferred to the Court (*id.*). On January 16, 2026, the Court entered an order requiring the defendants to file their opening brief by February 27, 2026, and setting a limit of 40,000 words for it (1/16/26 Order, *United States v. Harrelson*, No. 23-3089). Thereafter, the defendants made numerous additional unopposed requests to extend the deadline to file their opening brief, which the court granted. Most recently, on March 31, 2026, the Court entered an order setting an April 10, 2026, deadline for the defendants to file their 40,000-word opening brief (3/31/26 Order, *United States v. Harrelson*, No. 23-3089).

Three days before that deadline, on April 7, 2026, two of the defendants—Meggs and Watkins—filed an emergency motion asking the Court to grant them an additional 1,000 words for their brief (Mot. at 1). Among other things, the defendants asserted that they "have written arguments for 11-12 non-trivial issues" and "have been working to meet the word limitation" but that "extension to 41,000 instead of 40,000 words may be needed in the end" (Mot. at 2). Although the defendants "have worked to consolidate and compress arguments wherever possible," "Mr.

4

Meggs does not want to cut an issue that others have not indicated they will join" (*id.*).

The government respectfully opposes this request. The parties initially agreed to a limit of 30,000 words for the defendants' opening brief. They agreed to that limit months before the defendants' sentences were commuted, at a time in which the defendants' appeal would be expected to encompass sentencing issues in addition to any claims the defendants wished to make regarding their convictions. After the defendants' sentences were commuted, thus removing any sentencing issues from this appeal, the defendants requested that they be allowed to file an even longer brief: 52,000 words, almost double the initial word limit set by the Court, and the equivalent of a full-length brief for each of the four defendants. *See* Fed. R. App. P. 28(e)(2)(A)(i) (setting 13,000-word limit for opening briefs). In response, the Court granted the defendants an additional 10,000 words, increasing the length of their brief by one third, from 30,000 to 40,000 words.

The government opposes any further increase in the word limit. As an initial matter, Meggs and Watkins have not shown "exceptional circumstances" for filing their motion only three days before the

defendants' brief was due. Under D.C. Circuit Rule 28(e)(2), "[a] motion to exceed the limits on length of briefs or to extend the filing time for a brief must be filed at least 7 days before the brief is due. Untimely motions will be denied absent exceptional circumstances[.]" *See also* D.C. Circuit Handbook of Practice and Internal Procedures 41 (2025) ("Parties wishing to submit a brief that exceeds the length limitations must, not less than 7 days before the brief is due, file a motion requesting permission to exceed the length limitations. Such motions are granted only for extraordinarily compelling reasons, and motions filed less than 7 days before the brief is due will be denied as untimely, absent exceptional circumstances."). Here, Meggs and Watkins have provided no explanation why they could not have moved for additional words at least a week before their brief was due. Indeed, the last time the defendants requested additional words, they did so three weeks before their brief was due. And the fact that the defendants "have worked to meet the Court's word count" (Mot. at 3), including over the weekend before it was due (*id.* at 2), is hardly an "exceptional circumstance[]" justifying their late filing. Appellate attorneys routinely work to bring their briefs within the word

limit in the days before the brief is due. The Court should thus deny the motion to increase the word limit as untimely.

The Court should also deny Meggs's and Watkins's motion because they have not shown "extraordinarily compelling reasons" warranting a further increase of the word limit in this case. *See* D.C. Circuit Rule 28(e)(1) ("The court disfavors motions to exceed limits on the length of briefs . . . . Such motions will be granted only for extraordinarily compelling reasons."). Although there will be no sentencing issues raised in this appeal, and thus no need to include any factual background or arguments regarding the defendants' sentences, this Court has already granted the defendants request to file a lengthy, 40,000-word brief, or 10,000 words per defendant. In a similar appeal involving four defendants also alleged to be members of the Oath Keepers tried before the same district judge, the parties jointly requested that the Court allow the defendants to file a 25,000-word opening brief (First Stipulation to a Briefing Schedule, *United States v. Minuta*, No. 23-3092). The parties made this request after the President commuted the defendants' sentences and the government dismissed its cross-appeals. The Court did not grant the parties' joint request but instead required the defendants

to file a shorter opening brief: 22,000 words (5/12/25 Order, *United States v. Minuta*, No. 23-3092). And in another similar appeal involving individuals alleged to have been members of the Proud Boys, the Court set a 40,000-word limit for the defendants' opening brief at a time that the appeal involved five defendants whose sentences had not yet been commuted (12/28/24 Order, *United States v. Nordean*, No. 23-3159).[2] Compared with the word limits in those similar appeals, a limit of 40,000 words for the defendants' opening brief in this case is appropriate, if not generous.

Meggs and Watkins assert that an increased word limit will serve "the ends of justice . . . without detriment to any party" (Mot. at 3). Not so. As the Supreme Court has recognized, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 752 (1983). "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of

---

[2] One of those defendants, Enrique Tarrio, has since been pardoned and his appeal dismissed.

incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 752). Thus, the defendants themselves are the ones most likely to be prejudiced by any additional increase in the word limit: "'A brief that raises every colorable issue runs the risk of burying good arguments' under weak ones." *United States v. Hage*, 74 F.4th 90, 94 (2d Cir. 2023) (quoting *Jones*, 463 U.S. at 753); *see also Jones*, 463 U.S. at 752 ("'[Experience] on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one.'" (quoting Jackson, Advocacy Before the United States Supreme Court, 25 Temple L. Q. 115, 119 (1951)). But even if not, both the government and the Court will be adversely affected if the defendants are allowed to file an even longer brief: the government because it will have to spend more time and resources responding to a brief that apparently will raise something like 11-13 issues, and the Court because it will have to read more pages dedicated to the multitude of issues the defendants intend to raise. And Meggs and Watkins will not be prejudiced if the Court denies their request. As the Sixth Circuit has cautioned in denying a litigant's request to file an overly long brief, it "would be wise to remember it is the quality

9

not the quantity of words that matter." *Greiner v. Macomb Cty.*, No. 17-2417, 2018 U.S. App. LEXIS 33058, at *2 (6th Cir. Nov. 21, 2018).

The government thus respectfully requests that the Court deny Meggs's and Watkins's emergency motion to increase the word limit. The government has no objection to the Court setting a new briefing schedule giving the defendants as much time as they need to cut an additional 1,000 words from their brief to comply with the current word limit.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

/s/
DANIEL J. LENERZ, DC Bar 888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, on this 9th day of April, 2026.

_____/s/_____
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 1,881 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

_____/s/_____
DANIEL J. LENERZ
Assistant United States Attorney